JOHN WAGGEMAN, Appellant, v. WILLIAM PETERS, Appellee.

### APPEAL FROM PEORIA COUNTY COURT.

Books of account are not admissible as proof, where the party keeps a clerk, or a person who sometimes acts in that capacity, who can prove the items.

PETERS sued Waggeman in assumpsit on open account of $1,320.16, for a steam engine and fixtures, to the September term, 1858, of said County Court. The declaration contains the common counts only, for goods sold and delivered.

Plea—general issue with notice of payment, set-off, and also a claim for damages for breach of contract by plaintiff, with copy of specifications amounting to $1,498.50. Issue was joined.

At November term, 1858, there was a verdict for plaintiff. A motion for a new trial was overruled. Judgment for $350 and costs for plaintiff.

S. A. Kinsey was called by plaintiff. Said: I know that defendant came to order engine and machinery sued for, in February or March, 1857. Know nothing of contract, as to price, time of delivery or otherwise; none made in my presence. Fire front charged, is worth 5½ cents per pound. Plaintiff's bill of items read to witness with prices, who said prices were fair, and that defendant had received them all with certain exceptions. Know the plaintiff's ledger and blotter, (these are they); that he keeps no clerk, and that same are correct. I am plaintiff's foreman. Copy from slate to ledger and blotter, in evening, items put on the slate during the day. One-third of charges on books, mine; and two-thirds plaintiff's handwriting.

Order-book of plaintiff, with drafts and entries, here shown to witness, who said they were the same made by him.

William Weis called by plaintiff. Said, that as clerk for Tobey & Anderson, he had frequently settled by plaintiff's books and found them right. An account book of plaintiff was then offered, which witness said was the book he had settled by; but did not know whether it was the book of original entries or not. The book shown was plaintiff's ledger. Plaintiff having proved the delivery of several articles charged, offered said ledger and blotter in evidence; objected to by defendant. Objection overruled, and accounts of plaintiff read in evidence from said books.

J. K. COOPER, for Appellant.

C. C. BONNEY, for Appellee.

CATON, C. J. These books of account were not properly admissible for any purpose. The witness, it is true, says that the plaintiff kept no clerk; but, at the same time, he shows that he did within the legal signification of the term, as used in this class of cases, keep a clerk. The witness himself swears, that he generally made the original entries of the items which appear in these books. The general practice was to set down the items on a slate during the day, and then at night to copy them into the blotter or ledger. The witness says: "I usually set down the work on the slate, and did a part of the copying into the blotter." For every legal purpose, the witness was the plaintiff's clerk, and was competent to prove the delivery of the items, or the doing of the work. Here the plaintiff had servants in his employ, by whom he should be able to prove his account. If these books were admissible, then are the books of every shop-keeper or merchant admissible, for none can have better means of proving an account than the plaintiff had. If these books were properly admitted, then all books in all cases must here-after be admitted. Books of account were first admitted as merely circumstantial evidence, to help a plaintiff who did his business himself and without any assistant by whom it was pos-sible for him to prove his account. This was no doubt an inno-vation upon the common law, but the absolute necessity of the case, and to prevent a wrong to small dealers, who kept no assistants, so commended it, that it seems to have a good footing in the common law courts. But there has been a growing disposi-tion to open the door wider and wider, for books of account as evi-dence, till now it seems to be thrown down altogether, and the original consideration of necessity, which first introduced them, is altogether lost sight of. But even admitting these books, we are not satisfied with the verdict.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*