CHRISTIAN V. DODSON, Appellant, *v.* PETER SEARS, Appellee.

### APPEAL FROM KANE.

Books of account are admitted in proof under certain circumstances, as secondary evidence, but not where the party offering the proof had clerks or servants in his employ, who could have been called to prove the delivery of the goods, and the fairness of the entries.

THIS was an action of assumpsit, commenced by appellee against appellant, in the Kane Circuit Court. The appellee counted for rent due, goods sold, money lent, etc. The appellant filed the general issue and several special pleas, upon which there was an issue.

The plaintiff below called Thomas A. Scott to make the preliminary proof before giving his books in evidence to the jury, who testified to items named in the book, amounting to the sum of $74.51, as appearing in the handwriting of Sears, and to charges in his, witness', handwriting in said book, amounting to the sum of $26. It also appears by the evidence in said case, that A. W. Glass, Mr. Anthony, Mr. Cleveland, Mr. Clark, Mr. Collins, and others, were clerks for Sears, all of whom were in the habit of making entries in said books, and whose handwriting appears in said books. All of the witnesses by whom Sears sought to prove a settlement of their accounts in said books, stated that Sears had clerks when they dealt with him. The court below permitted the books to be given in evidence to the jury.

The cause was tried by I. G. WILSON, Judge, and a jury, and resulted in a verdict and judgment for the appellee.

A. M. HERRINGTON, for Appellant.

J. H. MAYBORNE, for Appellee.

33

WALKER, J.  We only propose in this case to determine, whether the preliminary proof warranted the introduction of appellee's account books as evidence.  This court has adopted the rule, that in cases of open accounts, composed of numerous items, where the entries are proved to have been made by the party himself when he had no clerk, and has no receipt or admission by the party charged that the articles were received, and proof is made that some of the articles were delivered, and that his books have been fairly kept, the books may be admitted in evidence.  Their admissibility is placed upon the grounds, that if there was no clerk or servant, who could know of their delivery, a resort must be had to the next best evidence.  *Bayer* v. *Sweet*, 3 Scam. 120 ; *Waggeman* v. *Peters*, 22 Ill. 42.

This character of evidence is only admissible from necessity, and to prevent a failure of justice.  It is a species of secondary evidence, only authorized when it appears from preliminary proof that there is no witness by whom the sale and delivery of the articles charged, can be proved.  In this case the evidence shows, that during the greater part if not the whole time, these entries purport to have been made, appellee had clerks or servants employed in his establishment, who aided in making sales, and who had ample means of knowing whether appellant purchased the goods.  These witnesses should have been called, as the presumption is, that they could have proved the sale and delivery.  The proper foundation was not laid for the introduction of appellee's books of account, and the court below erred in permitting them to be read in evidence.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*